# In the United States Court of Federal Claims

No. 25-890C
NOT FOR PUBLICATION

**SHARNA C. POTTER,**

    *Plaintiff*,

v.

**UNITED STATES,**

    *Defendant*.

**ORDER**

***HERTLING*, Judge**

The plaintiff, proceeding *pro se*, filed this action on May 23, 2025. The complaint was docketed on May 27, 2025. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

---

[1] The plaintiff's motion for leave to proceed *in forma pauperis* is incomplete but provides sufficient information to allow a resolution of the motion. Based on the information contained in the motion, the plaintiff is eligible to proceed *in forma pauperis*. Accordingly, the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

The plaintiff is proceeding *pro se*. As a result, her complaint is given a more liberal construction than it would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding this liberal construction, a *pro se* plaintiff must still demonstrate that the complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The plaintiff names as the defendant to her claim the Chico, California, police department. The complaint alleges that the Chico police caused the plaintiff to suffer a "deprivation of rights under the color of law" in violation of 18 U.S.C. § 242. Specifically, the plaintiff alleges that officers of the Chico police department improperly escalated their response to a neighbor's complaint that the neighbor had heard shots fired near the plaintiff's home. She alleges that she told the responding officers that the shots came from her registered pistol when she fired the gun into the ground in her own backyard. The plaintiff alleges that despite her explanation, the responding officers forcibly entered the plaintiff's home and arrested her. The plaintiff is now incarcerated in the Butte County, California, jail. She seeks release from jail, an investigation into the Chico police department, and compensation "for damages that happened to [the plaintiff], [her] home, [her] animals, and is still happening."

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is founded on an express or implied contract with the United States, seeks a refund from a prior payment made to the [United States], or is based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). Crucially, for a claim alleging a violation of law, the plaintiff must identify a money-mandating source of law in addition to asserting jurisdiction under the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief requested is against others than the United States the suit as to them is to be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). The complaint here alleges wrongful conduct by local police officers and a local police department.

No claim is raised against conduct by any federal official. The plaintiff's claims against non-federal officers and a non-federal entity cannot support jurisdiction in this court.

In addition, the complaint alleges a deprivation of civil rights by the Chico police department, in violation of federal criminal and civil statutes. The Court of Federal Claims lacks jurisdiction over such a claim. *See Montgomery v. United States*, 49 F. App'x 301, 302 (Fed. Cir. 2002) ("the Court of Federal Claims does not have jurisdiction over civil rights claims brought under the Civil Rights Act of 1964"); *Clarke v. United States*, No. 10-283C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010), *aff'd*, No. 2010-5133, 2010 WL 4569961 (Fed. Cir. Nov. 5, 2010) (18 U.S.C. § 242 is a "criminal statute[ ] that provide[s] no basis for a civil action in any court").

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires consideration of whether to transfer the case to a federal court that could properly exercise jurisdiction. The complaint fails to lay out the status of pending state criminal charges for which she remains in jail. Absent clarity on that issue, the complaint is not facially plausible, and possible federal judicial intervention is probably premature. Accordingly, transfer of the complaint to another federal court is not in the interest of justice.

The complaint fails to allege any claim against a federal entity and does not allege any violation of law tied to a money-mandating statute. The complaint is therefore not within the jurisdiction of the Court of Federal Claims and is, accordingly, **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded. The Court certifies that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**